IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION              MDL No. 2327

THIS DOCUMENT RELATES TO:

*Lourdes McCormack, et al. v. Ethicon, Inc., et al.*
Civil Action No. 2:13-cv-2069

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendants Ethicon, Inc. and Johnson and Johnson's (collectively "Ethicon") Renewed Motion to Dismiss with Prejudice. [ECF No. 31]. The plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss with Prejudice on October 25, 2017. [ECF No. 34]. Defendants filed their Reply in Support of its Renewed Motion to Dismiss with Prejudice on October 31, 2017. [ECF No. 35] Thus, this matter is ripe for my review. For the reasons stated below, the motion is **GRANTED**.

Ethicon's Motion arises from this court's Order [ECF No. 29], entered on September 7, 2017, denying Ethicon's first Motion to Dismiss for failure to serve a Plaintiff Fact Sheet ("PFS") in compliance with Pretrial Order ("PTO") # 251. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 [ECF No. 29] (applying the *Wilson* factors to the plaintiff's

case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs a final chance to comply with the deadlines set forth in PTO # 251. I afforded them 30 days from the entry of the Order to submit to Ethicon a completed PFS, with the caveat that failure to do so may result in dismissal of Ethicon as a defendant in their case upon motion by the Ethicon defendants. Despite this warning, the plaintiff has again failed to comply with this court's orders and did not provide Ethicon with her PFS within the 30-day period. Consequently, Ethicon moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiffs has had no effect on their compliance with and response to this court's discovery orders, which they have continued to blatantly disregard, I find that dismissing Ethicon is now appropriate. For the reasons explained in my September 7, 2017 Order [ECF No. 29], it is **ORDERED** that the defendants' Renewed Motion to Dismiss [ECF No. 31] is **GRANTED**, and Ethicon is **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

ENTER: November 6, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE